**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY** | * * | **CIVIL ACTION NO.** |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **MAGISTRATE** |
| **WHITNEY J. CHEVALIER, JR., DEIDRA CHEVALIER, YOLANDA CALAIS COOK, PAMELA CHEVALIER JENSEN, TROY CHEVALIER AND MAYDELL CHEVALIER** | * * * * * * | |

*** * * * * * * * * * * * * * * * * * * * * * * * ***

**COMPLAINT IN INTERPLEADER**

**NOW INTO COURT,** through undersigned counsel, comes Colonial Life and Accident Insurance Company ("Colonial"), a foreign insurer authorized to do and doing business in the State of Louisiana, who, with respect, represents:

**PARTIES**

**1.**

Plaintiff-in-Interpleader Colonial, is a corporation organized under the laws of the State of South Carolina, with its principal place of business in Columbia, South Carolina. It is duly licensed to do business in the State of Louisiana.

**2.**

Made Defendants-in-Interpleader are:

a. WHITNEY J. CHEVALIER, JR., who upon information and belief, is the son of Whitney J. Chevalier and who is of the full age of majority and a resident of the State of Louisiana;

b. DEIDRA CHEVALIER, who upon information and belief, is the daughter of Whitney J. Chevalier and who is of the full age of majority and a resident of the State of Louisiana, St. Martin Parish;

c. YOLANDA CALAIS COOK, who upon information and belief, is the daughter of Whitney J. Chevalier and who is of the full age of majority and a resident of the State of Louisiana;

d. TROY CHEVALIER, who upon information and belief, is the son of Whitney J. Chevalier and who is of the full age of majority and a resident of the State of Texas;

e. PAMELA CHEVALIER JENSEN, who upon information and belief, is the daughter of Whitney J. Chevalier and who is of the full age of majority and a resident of the State of Texas;

f. MAYDELL CHEVALIER, who upon information and belief, is the surviving spouse of Whitney J. Chevalier and who is of the full age of majority and a resident of Spring, Texas.

**JURISDICTION**

**3.**

Jurisdiction is proper in this case pursuant to 28 U.S.C. § 1335, because it involves an accident insurance policy with benefits having a value in excess of $500.00 issued by Colonial, a corporation organized under the laws of the State of South Carolina, to Whitney J. Chevalier.

The case involves at least two claimants who are of diverse citizenship who are claiming entitlement to the accident insurance benefits in Plaintiff-in-Interpleader's custody.

**4.**

Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because at least one of the Defendants-in-Interpleader resides in this district and at least one of the Defendants-in-Interpleader resides in Texas and a substantial part of the events giving rise to this action occurred in this district.

**5.**

At all times, Whitney J. Chevalier ("Decedent") was covered under accident insurance Policy No. 1 1551-981 10 issued by Colonial Life and Accident Insurance Company to Whitney J. Chevalier ("Policy").

**6.**

The Decedent died on May 28, 2018.[1]

**7.**

At the time of his death, the Decedent was enrolled under the Policy for accident insurance coverage in the amount of TEN THOUSAND DOLLARS ($10,000.00) (the "Policy Benefits"). The Policy Benefits became payable to the proper beneficiary upon the Decedent's death, pursuant to the terms of the Policy.

**8.**

Colonial has no record of a named beneficiary to receive the proceeds under the Policy.

**9.**

In the matter of the *Succession of Whitney John Chevalier, Sr.*, on the docket of the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, *Letters of Joint Dative*

[1] A copy of Decedent's Death Certificate is attached hereto as Exhibit "A."

*Independent Executors* were granted to Deidra Ann Chevalier and Whitney John Chevalier, Jr. by Judge Vincent J. Borne.[2]

**10.**

A claim for entitlement to the Policy Benefits has been made by the Decedent's children, Defendants-in-Interpleader, Whitney J. Chevalier, Jr., Deidra Chevalier and Yolanda Calais Cook.

**11.**

A claim for entitlement to the Policy Benefits has also been made by the Decedent's surviving spouse, Defendant-in-Interpleader, Maydell Chevalier.

**12.**

Colonial identified Troy Chevalier and Pamela Chevalier Jensen as potential surviving class beneficiaries under the Policy.

**13.**

Colonial advised all potential beneficiaries of the competing claims and allowed the parties time to attempt to reach an agreement for the disbursal of funds before instituting this action.

**14.**

Colonial admits liability for the full amount of the accident coverage death benefits in the total amount of TEN THOUSAND DOLLARS ($10,000.00).

**15.**

Each of the named Defendants-in-Interpleader claims to be entitled to a portion of the proceeds payable under the accident insurance Policy at issue.

---

[2] A copy of the *Letters of Joint Dative Independent Executors* is attached hereto as Exhibit "B."

**16.**

Colonial cannot determine the proper beneficiary of the Policy Benefits at issue without risking exposure of itself to liability.

**16.**

As a mere stakeholder, Colonial has no interest in the Policy Benefits (except to recover its attorney's fees and costs in this action). Colonial therefore respectfully requests that this court determine to whom the plan benefits should be paid and in what amount.

**17.**

Colonial desires to deposit the sum of TEN THOUSAND DOLLARS ($10,000.00), payable under the Policy, plus any applicable interest due and owing for disbursement in accordance with the Judgment of this Court.

**18.**

Colonial further prays for an Order restraining each of the Defendants-in-Interpleader and any party, known or unknown, from instituting or pursuing any action against it for the recovery of the amount of said Policy or any part thereof.

**19.**

Colonial respectfully asserts that is entitled to an Order discharging it from any and all further liability in connection with said Policy and to reimbursement of litigation fees and costs in this matter.

**WHEREFORE,** Colonial Life and Accident Insurance Company, prays that this Court order as follows:

(i) Restraining and enjoining the Defendants-in-Interpleader by Order and Injunction of this Court pursuant to 28 U.S.C. § 2361, from instituting or prosecuting any action or

proceeding in any State or United States court against Colonial for recovery of the Policy Benefits, plus any applicable interest payable as a consequence of the death of the Decedent;

(ii) Requiring Defendants-in-Interpleader to appear and assert contradictorily against each other their claims for the Policy Benefits, plus applicable interest, if any;

(iii) Ordering the Clerk of Court to deposit in the Registry of the Court the Policy Benefits, plus applicable interest, if any;

(iv) Dismissing Colonial from any further liability following payment of the Policy Benefits, plus any applicable interest into the Registry of this Court;

(v) Awarding Colonial the costs and attorney's fees incurred in commencing and prosecuting this action;

(vi) After due proceedings had, dismissing Colonial from this action with prejudice;

(vii) Awarding Colonial such other and further relief as this Court deems just equitable and proper.

Respectfully Submitted,

*s/ Lauren A. Welch*
LAUREN A. WELCH, (#17199)
KRISTEN L. BURGE, (#35686)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MCDANIEL & WELCH LLC
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Fax No.: (800) 977-8810
E-mail: lwelch@mcsalaw.com
*Attorneys for Petitioner-in-Interpleader, Colonial Life and Accident Insurance Company*

**SERVICE INFORMATION:**

**Please serve Defendants-in-Interpleader:**

Whitney J. Chevalier, Jr.
Deidra Chevalier
Yolanda Calais Cook
Pamela Chevalier Jensen
Troy Chevalier
*Through their attorney*
Stan Gauthier, II, Esq.
Stan Gauthier, A Professional Law Corporation
1405 West Pinhook Rd., Suite 105
Lafayette, LA 70503

*Via Long Arm:*
Maydell Chevalier
22303 Highland Gate Dr.
Spring, TX 77373